HARRY S. JONES *vs.* GRACE M. GRINDAL.

Hancock.    Opinion June 8, 1922.

*An inventory of an estate duly sworn to and filed in the Probate Court is admissible to prove and is prima facie evidence of the amount of the estate which passes into the hands of the trust officer, but not conclusive, and may be offered to show the financial benefits which the widow of the deceased may receive from that estate.*

The inventory of an estate duly sworn to by the executor or administrator and filed in the Probate Court is admissible to prove and is prima facie evidence of the amount of the estate which came into the hands of such trust officer, but not conclusive, and may be offered to show the financial benefits which the widow of the deceased may receive from that estate. Such evidence is open to denial or explanation either as to property improperly scheduled, or as to title or value of the same.

In the instant case no legal ground for exception is pointed out either in record or argument, and it not being clearly shown that the excepting party was injured by the question and answer, such exception is not considered.

The customary and established burden resting upon a party seeking to set aside the verdict of a jury has not been sustained in the case at bar.

On motion and exceptions by defendant. This is an action to recover damages for an alleged slander. The plaintiff was in the employment as bookkeeper, accountant and salesman of C. W. Grindal, husband of defendant, for ten or twelve years prior to the death of said Grindal, who was a retail dealer in groceries and grain. After the death of her husband the defendant was appointed adminis-

tratrix of his estate and continued the business with the plaintiff in her employ for about sixteen months when he left such employment. Plaintiff alleges that the defendant after he left her employ in a conversation with one Charles M. Kittridge, falsely and maliciously spoke and published of and concerning the plaintiff the false, scandalous and malicious words as follows—"it is all true. He has taken grain time and time again without making any account of it and I can prove it." "I have found him very dishonest with me." "I can prove everything I say." "Mr. Jones took grain, flour and grass seed and made no account of it." The defendant filed a plea of general issue, and a brief statement that the false, scandalous and malicious statements alleged by the plaintiff to have been said by defendant, were privileged statements, and also pleaded justification. The case was tried to a jury and a verdict for $1,425.00 was rendered for plaintiff. Defendant excepted to the ruling of the presiding Justice admitting the inventory of the estate of the intestate husband of the defendant, and also filed a general motion for a new trial. Motion and exceptions overruled.

The case is fully stated in the opinion.

*Peters & Crabtree*, for plaintiff.

*W. R. Pattangall and Hale & Hamlin*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

PHILBROOK, J. Action for slander. The case is before us upon defendant's exceptions and upon motion to set aside plaintiff's verdict in the sum of fourteen hundred twenty-seven dollars. ($1427.00).

STATEMENT OF THE CASE.

The plaintiff is a business man, forty-three years of age, with a wife and three children dependent upon him for support. For a period of ten or twelve years he was employed as bookkeeper, accountant and salesman for C. W. Grindal. The defendant is the widow of Grindal and administratrix of his estate. In his lifetime Grindal was a retail dealer in groceries and grain. After his decease the defendant continued the business with the plaintiff in her employ. The charges

made against the plaintiff by the defendant, as alleged in the writ, were such as might seriously affect the reputation of the plaintiff and might materially interfere with obtaining employment in any community where those charges were made. They directly related to the lack of honesty and integrity of the plaintiff and were couched in language which imputed criminal conduct upon his part. The plaintiff claimed that the charges were maliciously made and demanded both actual and punitive damages.

The defendant, while denying the use of the language set forth in the writ, admitted that after the plaintiff's employment with her had ceased, certain prospective employers of plaintiff called upon her, without invitation upon her part, to inquire as to the character, honesty and ability of the plaintiff. She says that whatever statements she then and there made were confidential and privileged, that no malice actuated her conduct. She also sought justification on the grounds that her statements were true, or that she had reasonable cause to believe them to be true.

THE MOTION.

In addition to the general verdict for the plaintiff, special findings of fact submitted to the jury were determined by the following questions and answers.

(1) Was the plaintiff guilty of dishonesty in his dealings with the defendant as stated by her? Answer, No.

• (2) Were the statements made by the defendant of and concerning the plaintiff made maliciously? Answer, Yes.

The charge of the presiding Justice, contained in the record, has been examined carefully and is found to contain a most clear, complete and correct statement of the various principles of law involved in the contentions of both parties. By the general verdict and special answers, the jury found upon these questions of fact, viz.: that the statements alleged in the plaintiff's writ and declaration were made; that they were slanderous; that they were made maliciously even if they were privileged; that they were not true; and that the defendant did not have reasonable cause to believe them to be true.

Such findings warrant not only actual but punitive damages. The amount of the latter, within reasonable limits, has a wide range depending, among other things, upon the general situation, the character and station of the parties, and the wealth of the person to

be punished. Under the familiar rules relating to the stability of jury verdicts, both as to liability and amount of damage, the defendant has not persuaded us that the motion should prevail.

## THE EXCEPTIONS.

Since financial standing of the defendant may be shown, as affecting the amount of punitive damages, the plaintiff, subject to exception, offered the inventory of the estate of the intestate husband of the defendant. This was objected to on the ground that it brought into the case the opinion of the appraisers as to the value of property without opportunity for cross-examination and hence was purely hearsay testimony. But by provision of statute every executor or administrator is required to make and return upon oath a true inventory of the real estate and of all the goods, chattels, rights and credits of the deceased which are by law to be administered and which come to his possession or knowledge. Moreover, it is familiar law that the bond of the executor or administrator binds him to account for every dollar's worth of the property as set forth in the inventory unless by proper evidence and procedure he is relieved of some portion of his obligation. In the present case the record shows that although the defendant was sued in her individual capacity, yet in her representative capacity, as administratrix of her husband's estate, she swore to the truth of the very inventory which she now says should not be used as evidence of the value of property which came into her possession as administratrix, her legal share of which she would sooner or later acquire. This was not conclusive evidence for she had, and at the trial availed herself of, the right to show that the value of her husband's estate, when finally settled, might be diminished by various causes.

The principle here under discussion is involved in *Little* v. *Birdwell*, 21 Texas, 597, 73 Am. Dec. 242, where a widow returned an inventory showing title to certain property to be in her husband's estate. Later she claimed title to the same property. She was confronted with her inventory which was admitted as evidence. The court held that the inventory was not conclusive evidence but prima facie evidence of title in the estate which might be rebutted by proof that in point of fact, the title was not in the testator or intestate, but in another. "The widow was not estopped or concluded from asserting

her right or separate property although she had returned an inventory of the property as belonging to the estate of her deceased husband" said the court in the case just referred to.

In *Reed* v. *Gilbert*, 32 Maine, 519, an inventory of property duly returned to the Probate Court was held to be prima facie evidence that no other property belonged to the estate.

An inventory is not conclusive either for or against an administrator but is open to denial or explanation. *Cameron* v. *Cameron*, 15 Wisconsin, 1; 82 Am. Dec., 652.

The inventory which an administrator returns into court is held by the Supreme Court of Pennsylvania, *In re Stewart's Estate*, 20 Atl. Rep., 554, to be prima facie evidence not only of the extent but also of the value of the estate which has come into his hands, but he may still show that through inadvertence, ignorance or mistake, property has been put into it which did not in fact belong there.

Upon this branch of defendant's exceptions we hold that the inventory of an estate duly sworn to and filed in the Probate Court is prima facie evidence of the amount of the estate which came into the hands of the executor or administrator, but not conclusive, and may be introduced to show, prima facie, the financial benefits which a widow of the deceased may receive from that estate. Such evidence is open to denial or explanation either as to property improperly scheduled, or as to title or value of the same.

The remaining exception relates to the following question put to and answered by the plaintiff. "What is the approximate amount of the yearly net income, taking out expenses of doing business, of the Grindal estate since the death of C. W. Grindal until the time you left?" To which the reply was, "Approximately $14,000." The legal ground upon which the question and answer were objected to do not appear in the record. In argument defendant's counsel suggested that this question and answer, together with the admitted inventory, gave a chance to argue that defendant was a woman of wealth. Since no legal ground for exception was pointed out, either in record or argument, and it not being clearly shown that defendant was injured by the question and answer, we must decline to consider it.

*Motion and exceptions overruled.*